UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUKAS SCHOCH,

    Petitioner,

    v.                                      CAUSE NO. 3:23-CV-28-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Lukas Schoch, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary proceedings (WCA-22-3-404) at the Westville Correctional Facility in which he was charged with possessing a cellphone in violation of Indiana Department of Correction Offense 121. He was sanctioned with a loss of one hundred four days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Schoch's disciplinary proceedings have progressed in a protracted fashion. He was found guilty at a hearing on May 11, 2022, but he was granted a rehearing on administrative appeal. On August 10, he was found guilty at the rehearing, but he was granted a second rehearing on administrative appeal. Mr. Schoch was screened for the second rehearing on September 16, but this rehearing hadn't been held as of the date he filed the petition

on January 11, 2023. Mr. Schoch further alleges that the loss of earned credit time and the credit class demotion haven't been suspended but also have not been imposed.

In Ground 1, Mr. Schoch alleges that correctional staff violated his procedural rights in connection with the first hearing by not allowing him to attend. Considering that Mr. Schoch received a rehearing, this ground is moot as the first hearing and any associated procedural violations had no effect on the sanctions ultimately imposed. See Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254."). Ground 1 is not a basis for habeas relief.

In Ground 2, Mr. Schoch alleges that he is entitled to habeas relief because correctional staff failed to hold any hearings within seven days of screening as required by departmental policy. In Ground 3, Mr. Schoch asserts that correctional staff violated his procedural rights by rehearing his case rather than dismissing it outright. These grounds don't relate to the procedural safeguards for prison disciplinary proceedings enumerated in Wolff v. McDonnell, 418 U.S. 539 (1974), and this list of requirements is exhaustive. White v. Indiana Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (citing Baxter v. Palmigiano, 425 U.S. 308, 324 (1976)). Moreover, a mere failure to follow departmental policy doesn't rise to the level of a constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir.

2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Grounds 2 and 3 aren't a basis for habeas relief.

Mr. Schoch doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Lukas Schoch leave to proceed in forma pauperis on appeal.

SO ORDERED on January 23, 2023

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT